**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Mandy Ruthann Rankin | **DEFENDANTS**<br>Amsterdam Capital Solutions, LLC and Paypal, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Dunham Hildebrand, PLLC<br>2416 21st Ave S., Ste 303, Nashville, TN 37212<br>Telephone No. 629-777-6519 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>X Debtor  □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor  □ U.S. Trustee/Bankruptcy Admin<br>X Creditor  □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Debtor brings this cause of action seeking the recovery of property held by the Defendants subsequent to the commencement of the Chapter 7 case underlying this adversary proceeding and a judgment for willful violations of the automatic stay.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71 – Injunctive relief – imposition of stay
□ 72 – Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-

Other (e.g. other actions that would have been brought in state court

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 5,000 |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Mandy Ruthann Rankin | BANKRUPTCY CASE NO.<br>3:23-bk-02415 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Middle District of Tennessee | DIVISION OFFICE<br>Nashville | NAME OF JUDGE<br>Mashburn |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF: | DEFENDANT: | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING: | DIVISION OFFICE: | NAME OF JUDGE: |

SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Gray Waldron

| DATE<br>September 29, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gray Waldron |
|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 3:23-bk-02415 |
| MANDY RUTHANN RANKIN ) | Chapter 7 |
| ) | JUDGE MASHBURN |
| Debtor. ) | |
| ) | |

| | |
|---|---|
| MANDY RUTHANN RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 23-9_____ |
| ) | |
| AMSTERDAM CAPITAL SOLUTIONS and ) | |
| PAYPAL, INC. ) | |
| ) | |
| Defendants. ) | |

## ADVERSARY COMPLAINT

The Plaintiff, Mandy Ruthann Rankin ("Ms. Rankin"), by and through undersigned counsel, files this action against Amsterdam Capital Solutions, LLC ("Amsterdam") and Paypal, Inc. ("Paypal", collectively with Amsterdam, "Defendants") and asserts the following:

### NATURE OF ACTION

1. This adversary proceeding is an action seeking (i) the post-petition recovery and turnover of not less than $754.74 held by Paypal at the request of Amsterdam after the commencement of the underlying Chapter 7 case; and (ii) judgment for willful violations of the automatic stay, for recovery of damages related thereto, including an award of costs and reasonable attorney's fees to Ms. Rankin for the necessity of bringing this action, and sanctions against the

Defendants, to include an award of costs and reasonable attorney's fees, for willful and continuing violations of the automatic stay pursuant of 11 U.S.C. § 362.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES

4. Ms. Rankin is a Tennessee resident and is the debtor in the underlying bankruptcy case.

5. Amsterdam Capital Solutions, LLC is a New York limited liability company and may be served with process through its registered agent: Thomson Ollunga LLP, 747 Third Avenue, Second Floor, New York, NY 10017.

6. Paypal, Inc. is a Delaware corporation that does business in Tennessee and may be served with process through its registered agent in Tennessee: CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

## FACTUAL BACKGROUND

7. Ms. Rankin filed her Chapter 7 bankruptcy petition (the "Bankruptcy Case') on July 7, 2023.

8. Michael Gigandet was appointed to serve as Chapter 7 trustee of the Debtor's bankruptcy estate.

9. Amsterdam is a creditor of Ms. Rankin by virtue of personal guarantee of a merchant cash advance Ms. Rankin took out with Amsterdam to support her small business on or around November 4, 2021 (the "MCA").

10. Ms. Rankin uses Paypal as a digital wallet and money management system, which allows her to receive and send money.[1]

11. On or around August 10, 2023, Ms. Rankin received notice from Paypal that her account was frozen due to a legal demand it received from Amsterdam. Since then, she has been unable to transfer funds to or from her account.

12. Within the schedules to her Bankruptcy Case, also filed on July 7, 2023, Ms. Rankin scheduled Amsterdam as an unsecured creditor in the amount of $25,773.00. The address for notice was listed as follows: 135 E 57th Street, Floor 15-111, New York, NY 10022. *See* Docket No. 1.

13. Within the Amended Schedule A/B to her Bankruptcy Case, filed on August 25, 2023, Ms. Rankin scheduled the Paypal account with a value of $700.00. The address for notice was listed as follows: Paypal, PO Box 45950, Omaha, NE 68145. *See* Docket No. 29.

14. On July 31, 2023, Ms. Rankin received an email from Lexington Recovery, who was hired by Amsterdam to collect the debt on the MCA. The representative of Lexington Recovery stated they were unaware of the filing upon response by undersigned counsel.

15. On August 29, 2023, undersigned counsel sent Paypal a letter requesting for the funds to be released to Ms. Rankin.

16. Despite receiving notice of the Bankruptcy Case, the Amended Schedule A/B, and request for the funds to be released, Amsterdam has not submitted a request to Paypal to unfreeze

---

[1] For clarity and to avoid confusion, Paypal Working Capital, a creditor of Ms. Rankin by virtue of a business loan she personally guaranteed, does not serve the same purpose as Paypal. The Paypal Working Capital loan is not the subject of the adversary proceeding.

her account and Paypal has not responded to requests by undersigned counsel to unfreeze the account.

17. Through the filing of this action, Ms. Rankin seeks (i) turnover of all post-petition funds held by Paypal; and (ii) imposition of sanctions for willful and continuing violations of 11 U.S.C. § 362 by the Defendants.

## CAUSES OF ACTION

### PLAINTIFF'S FIRST CLAIM FOR RELIEF
(Turnover of Funds)
(11 U.S.C. § 542)

1. A total of not less than $754.74 is being held by Paypal in Ms. Rankin's frozen account.

2. Having established that the post-petition funds held by Paypal constituted property of the bankruptcy estate under 11 U.S.C. § 541, and that Ms. Rankin is entitled to avoid the hold, the amount held by Paypal also constitutes property subject to turnover under 11 U.S.C. § 542.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF
(Contempt and Stay Violation)
(11 U.S.C. § 362)

3. Ms. Rankin repeats and realleges the foregoing allegations as if fully set forth herein.

4. The Court has the authority to impose sanctions for contempt. In relevant part, 11 U.S.C. § 105(a) provides that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." It has long been recognized that "courts have the inherent power to enforce compliance with their lawful orders through civil contempt" *Shillitani v. United States*, 384 U.S. 364, 370 (1966).

5. "The primary purpose of a civil contempt order is to 'compel obedience to a court order and compensate for injuries caused by non-compliance'." *McMahan & Co. v. Po Folks, Inc.,* 206 F.3d 627, 634 (6th Cir. 2000) (citations omitted).

6. The party alleging contempt has the "burden of establishing by clear and convincing evidence that [the respondent] 'violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the court's order'." *Rolex Watch U.S.A., Inc. v. Crowley,* 74 F.3d 716, 720 (6th Cir.1996).

7. The respondent may defend by showing an inability to comply with the order. *Glover v. Johnson,* 138 F.3d 229 (6th Cir. 1998). This must be established "categorically and in detail." *Rolex* at 720.

8. It is the petitioner's burden ... to make a prima facie showing of a violation, and it is then the responding party's burden to prove an inability to comply...[T]he test is not whether [respondents] made a good faith effort at compliance but whether "the defendants took all reasonable steps within their power to comply with the court's order." [G]ood faith is not a defense to civil contempt. Conversely, impossibility would be a defense to contempt, but the [respondent] ha[s] the burden of proving impossibility, and that burden is difficult to meet. *In re Holley*, 473 B.R. 212, 215 (Bankr. E.D. Mich. 2012).

9. The Defendants have a duty to abide by the federal statutes of the United States and any Orders of this Court. Here, the facts and procedural history show that: Ms. Rankin filed the underlying Bankruptcy Case on July 7, 2023; Amsterdam was scheduled and received notice of the filing of the Bankruptcy Case; after realizing the Paypal account was not listed on her initial Statements and Schedules, Ms. Rankin filed an Amended Schedule A/B on August 25, 2023 and sent notice to Paypal; Ms. Rankin further effectuated written notice of the Bankruptcy Case to

Lexington Recovery, an agent of Amsterdam and later to Paypal, making the Defendants acutely aware that Ms. Rankin was subject to bankruptcy protection and that continuing collection actions was prohibited; the Defendants have had the opportunity to comply with the automatic stay and have not done so. Therefore, a finding a civil contempt is appropriate.

10. In addition to the actions of the Defendants being contemptuous, the actions constitute a violation of the automatic stay provisions of 11 U.S.C. § 362. Thus, not only are the Defendants persisting in violating the automatic stay, but the violations are also of a willful nature.

11. "A violation is willful if the creditor deliberately carried out the prohibited act with knowledge of the debtor's bankruptcy case." *In re Printup,* 264 B.R. 169, 173 (Bankr. E.D.Tenn. 2001). A specific intent to violate the stay is not required, or even an awareness by the creditor that [its] conduct violates the stay. It is sufficient that the creditor knows of the bankruptcy and engages in deliberate conduct that, it so happens, is a violation of the stay. Moreover, where there is actual notice of the bankruptcy, it must be presumed that the violation was deliberate or intentional. Satisfying these requirements itself creates strict liability. There is nothing more to prove except damages. *In re Daniels,* 206 B.R. 444, 445 (Bankr. E.D.Mich. 1997). It is irrelevant to a court faced with imposing § 362(k) sanctions whether a defendant actually intended to violate the automatic stay. If the defendant had knowledge of the bankruptcy case and took a deliberate act in violation of the automatic stay, a bankruptcy court must award the plaintiff actual damages, including costs and attorney's fees. *In re Hill,* 222 B.R. 119, 123 (Bankr. N.D.Ohio 1998). "[A] willful violation of the stay can be found from an act of omission and does not require an act of commission." *In re Banks,* 253 B.R. 25, at 31 (Bankr. E.D. Mich. 2000).

12. Ms. Rankin has suffered actual damages from the actions of the Defendants, including but not limited to, the restricted use of funds, court costs, and attorney's fees for the necessity of bringing this action.

13. Ms. Rankin's damages will increase as this litigation proceeds and will not cease until the matters are fully and finally resolved.

14. As stated above, and pursuant to 11 U.S.C. § 105(a), the Court has the inherent ability to sanction the Defendants and appropriately enforce the provisions of the Bankruptcy Code. The willful violations cited herein warrant the imposition of sanctions in an amount necessary to cover both actual and exemplary damages.

15. As part of the actual damages, Ms. Rankin should be entitled to reasonable attorney's fees as this matter and any claim based on the pre-petition debt owed by Ms. Rankin giving rise to violative acts should be deemed disallowed.

16. In addition to the damages already realized and sanctions suggested thereupon, the actions of the Defendants are a continuing and willful violation of the automatic stay. Therefore, exemplary damages, in an amount to be determined by judicial discretion, but suggested to be $100.00 per day, should be assessed against the Defendants beginning with the day the underlying account hold was initiated and continuing until the ongoing violations are resolved. Ms. Rankin shall also recover her costs and attorney's fees related to the Defendants' violative actions.

17. Ms. Rankin further requests, as alternate relief, that the Defendants be granted the opportunity to purge the civil contempt by affirmatively and permanently releasing any claim(s) against Ms. Rankin, along with the tender of a sufficient amount to cover the reasonable and necessary attorney's fees for this matter, so long that it is done within ten (10) days following the first date set for a responsive pleading in this matter.

18. The held funds are of consequential value to Ms. Rankin.

19. Pursuant to 11 U.S.C. § 542(a), Paypal must immediately turnover all funds held or frozen since the commencement of this Bankruptcy Case.

**WHEREFORE**, Ms. Rankin requests the Court find judgment in its favor against the Defendants as follows:

A. A finding that Ms. Rankin is entitled to recover on the first claim for relief, **Turnover of Funds**, and an Order requiring turnover of funds in an amount to be proven, and not less than $754.74.

B. A finding that Ms. Rankin is entitled to recover on the second claim for relief, **Stay Violation**, for an amount of to be proven at trial and to include attorney's fees and sanctions.

C. A monetary judgment against the Defendants, in favor of Ms. Rankin, in an amount equal to actual damages and attorney's fees in the event turnover is not made.

D. An order directing that all costs, including reasonable attorneys' fees, incurred in this action be paid by the Defendants to Ms. Rankin; and

E. An order granting all other relief that the Court determines is just and proper under the circumstances to provide effective relief to Ms. Rankin.

Respectfully submitted,

/s/ Gray Waldron
Gray Waldron
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
629.777.6519
gray@dhnashville.com
*Counsel for Mandy Ruthann Rankin*